**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1458
_____

UNITED STATES OF AMERICA

v.

ERIC RIVERA,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1:14-CR-00283-10)
District Judge:  Hon. Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2021
_____

Before:  CHAGARES, SCIRICA, and COWEN, <u>Circuit Judges</u>

(Filed:  February 24, 2021)
_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Eric Rivera was sentenced to 12 months of imprisonment after pleading guilty to violating the terms of his supervised release from a prior conviction. The sentence was to be served consecutively to a state sentence of 18 months of imprisonment, imposed after Rivera pleaded guilty to aggravated assault with a firearm. His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm the judgment of sentence.

I.

We write primarily for the parties, so our summary of the facts is brief. In October 2016, Rivera pleaded guilty to using a communication facility to further a controlled substance offense, a Class E felony. He was sentenced in January 2017 to time served of about 32 months and one year of supervised release. On January 9, 2018, the District Court issued a summons for Rivera; the summons stated that he violated the conditions of his supervised release by driving without a license and failing to timely report to his probation officer after being questioned by a law enforcement officer. Rivera pleaded guilty in May 2018 to failing to timely report to his probation officer and was sentenced to one day of imprisonment and 10 months of supervised release.

On July 26, 2018, an arrest warrant was issued for Rivera alleging that he again violated the conditions of his supervised release by committing a new crime and possessing a firearm, both in connection with a shooting in Camden, New Jersey on July 8. Rivera was initially charged in the corresponding state proceedings with multiple felony counts, including two for attempted murder, but there was no proof that he and not

2

another participant fired the weapon that hit two victims. He pleaded guilty on October 15, 2018 to one count of aggravated assault with a firearm.

Rivera appeared with counsel before the District Court on February 19, 2020. The parties agreed that Rivera would plead guilty to committing a new crime in violation of the terms of his supervised release and that the Government would dismiss the firearm possession charge. During the hearing, Rivera admitted that he had committed aggravated assault by pointing a firearm in the general direction of two victims and had pleaded guilty to that crime. The District Court accepted Rivera's plea and moved directly to sentencing.

Both parties argued for a sentence of 12 months of imprisonment — the statutory maximum under § 18 U.S.C. § 3583(e)(3) for Rivera's underlying Class E felony — but disputed whether it should run consecutively to or concurrently with Rivera's state sentence. The District Court imposed a sentence of 12 months of imprisonment to run consecutive to the state sentence, concluding that a concurrent sentence would be too lenient and send the wrong message.

Rivera timely appealed. His attorney seeks to withdraw because there is no viable basis for appeal.

II.[1]

Under Anders, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief "advis[ing] the Court and request[ing] permission to withdraw" and identifying "anything in the record that might arguably support the appeal." 386 U.S. at 744. In evaluating a motion to withdraw, the Court's inquiry is twofold: "(1) whether counsel adequately fulfilled [this Court's] requirements" under Third Circuit Local Appellate Rule 109.2(a); and "(2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." Id. An appeal is frivolous if "the appeal lacks any basis in law or fact." McCoy v. Court of Appeals, 486 U.S. 429, 438 n.10 (1988). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Youla, 241 F.3d at 301 (quotation marks omitted). "[A] complete scouring of the record" is unnecessary. Id.

Rivera's counsel's Anders brief is facially adequate, so we confine our review to the issues identified by the brief. Rivera's counsel has identified three possible areas of review: (1) whether the District Court had jurisdiction; (2) whether Rivera's February 19, 2020 revocation proceedings were valid and complied with Federal Rule of Criminal

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

Procedure 32.1; and (3) whether Rivera's sentence was procedurally and substantively reasonable. Rivera did not file a pro se brief in response.

We first examine whether the District Court had jurisdiction. We conclude that the District Court properly exercised subject matter jurisdiction and was authorized to revoke Rivera's sentence of supervised release under 18 U.S.C. § 3583(e). Rivera did not raise any objection to the District Court's jurisdiction or authority to revoke his supervised release.

We next examine whether Rivera's revocation proceedings complied with Federal Rule of Criminal Procedure 32.1. Rivera was provided written notice of the alleged violation of supervised release. He appeared in person at the proceedings and was represented by appointed counsel. Additionally, he was given the opportunity to challenge the government's proof and dispute revocation, but voluntarily waived those rights and entered a guilty plea. We conclude that the revocation proceedings complied with Rule 32.1 and that there is no non-frivolous basis to challenge the validity of those proceedings.

Finally, we examine whether Rivera's sentence was procedurally and substantively reasonable.[2] A sentencing court must follow three procedural steps: (1) calculate the appropriate Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors. See United

---

[2] We review sentences imposed for violations of supervised release for reasonableness. United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). We review the reasonableness of a sentence under an abuse-of-discretion standard and will not reverse unless no reasonable court would have imposed such a sentence. United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We discern no procedural or substantive error here.  The District Court heard from the government, defense counsel, and Rivera himself, correctly calculated the Guidelines range,[3] and considered the § 3553(a) factors (there were no departure motions).  The court then reasonably applied the § 3553(a) factors to this case by imposing a sentence of 12 months of imprisonment to run consecutively to Rivera's state sentence.  This sentence was reasonable in light of Rivera's lengthy criminal history, the leniency he previously received,[4] the fact that this was his second violation of supervised release, the short window between his first and second violations, and the limited length of the sentence relative to the 33 to 41-month Guidelines range that would be applicable absent the statutory maximum.  Nor is there any basis to challenge the consecutive nature of Rivera's sentence.  Sentencing courts are afforded wide discretion under 18 U.S.C. § 3584 to choose between concurrent and consecutive terms, and the Guidelines recommend that terms of imprisonment imposed upon revocation of supervised release be served consecutively.  U.S.S.G. § 7B1.3(f).  The record reflects that the District Court understood that it was not required to impose the sentences consecutively, but rather could exercise discretion in deciding whether or not to do so.  The court heard argument on this issue and provided an explanation for the imposition of the consecutive sentence.  The District Court did not abuse its discretion by imposing a consecutive sentence here.

---

[3] Absent the 12-month statutory maximum in 18 U.S.C. § 3583(e)(3), Rivera's Guidelines range would have been 33 to 41 months.

[4] Rivera's underlying federal conviction — using a communication facility to further a controlled substance offense, a Class E felony — was originally charged as a two-count conspiracy to distribute controlled substances.

6

We conclude that counsel has fulfilled the requirements of <u>Anders</u> by making a thorough examination of the record. This Court has independently reviewed the record and likewise failed to identify any non-frivolous issues. Accordingly, we conclude that there are no non-frivolous issues for Rivera to raise on appeal.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).